**UNITED STATES of America,**
**Appellee,**

v.

**Norris TURNER, also known as Donnell Burke, also known as Nah, Defendant–Appellant.**

**No. 07–0476–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 5, 2008.

Georgia J. Hinde, New York, NY, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Carl G. Eurenius, Assistant United States Attorney, of counsel), for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. REENA RAGGI, Circuit Judges.

### AMENDED SUMMARY ORDER

Defendant-appellant Norris Turner appeals from the February 8, 2007 judgment of the United States District Court for the Northern District of New York (Scullin, J.), convicting him, following a guilty plea, of conspiring to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentencing him principally to 188 months' imprisonment and six years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The district court concluded based on Turner's criminal history that he should be sentenced as a "career offender" under the advisory Guidelines. *See* U.S.S.G. § 4B1.1. Turner does not challenge his career-offender status or the district court's advisory Guidelines calculation. Instead, he argues that his sentence was substantively unreasonable and that the circumstances of his case merited a departure below the advisory range. As an initial matter, Turner argues that we should review all career-offender sentences "with the same degree of case-specific care that district courts are expected to employ ... in the first place." This argument is without merit as the Supreme Court has instructed that our review of all sentences on appeal is for abuse of discretion. *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

Turner contends that his within-Guidelines sentence was substantively unreasonable because the district court failed to balance properly the 18 U.S.C. § 3553(a) factors. Specifically, he asserts that the district court failed to account for his mitigating family circumstances and for the disparity between his sentence and the lesser sentences of his co-defendants. The district court found that no unwarranted disparity existed between Turner and his co-defendants, concluding that Turner was not similarly situated to them because of his lengthy criminal history with three prior felony drug offenses—the aim of career-offender provision—and because Turner was not a drug addict, in contrast to some of his co-defendants. These findings were not clearly erroneous. Further, the record shows that the district court carefully balanced the various § 3553(a) factors, including Turner's mitigating circumstances, and concluded that a within-Guidelines sentence was appropriate. Giving due deference to the district court's reasoned judgment, we cannot conclude this sentence was an abuse of discretion. *See Gall,* 128 S.Ct. at 597.

For the foregoing reasons, the judgment of the district court is AFFIRMED.